UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCAL 966, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Petitioner,<br><br>v.<br><br>JCB, INC., d/b/a RYB INC., d/b/a, SUPERIOR MAINTENANCE OF WESTCHESTER, INC., d/b/a/ SUPERIOR MAINTENANCE CO., d/b/a/ TRI-STATE MAINTENANCE CORP.,<br><br>Respondents. | Civ. No. 2:12-cv-00202 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Local 966, International Brotherhood of Teamsters ("Petitioner") brings this contested petition to confirm an arbitration award under Federal Rule of Civil Procedure 56. Respondents Superior Maintenance Co., Superior Maintenance of Westchester, Inc., JBC, Inc., RYB, Inc., and Tri-State Maintenance Corp. cross-move under Rule 56 for an order denying confirmation. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Petitioner's motion is **GRANTED** and Respondents' cross-motion is **DENIED**.

**I.    BACKGROUND**

Petitioner was the collective bargaining representative for building service workers employed by Superior Maintenance of Westchester, Inc. and Superior Maintenance Co. (together "Superior Maintenance Group"). Petitioner did not enter into a collective bargaining agreement with Respondents JCB, Inc., Tri-State Maintenance Corp., and RYB, Inc.[1]

---

[1] Petitioner alleges that these three Respondents are alter-egos of Superior Maintenance Group. While it appears that these three Respondents are closely related to Superior Maintenance Group, the sole issue before this Court is

1

On April 13, 2009, Petitioner presented Superior Maintenance Group with a grievance alleging violation of the relevant collective bargaining agreements. The dispute proceeded to arbitration.

On May 1, 2009, Petitioner appeared before arbitrator Joseph Harris. Superior Maintenance Group did not appear. On October 23, 2009, arbitrator Harris awarded Petitioner $339,820.00 for back pay, unpaid raises, unpaid vacation time, unpaid sick days, unpaid holidays, and unpaid work hours. ECF No. 15-7. The award (the "Award") also provided for interest at "legally accruable rates." Petitioner suggests 8% compounded annually as a legally accruable rate. Respondents do not contest this figure.

On October 27, 2009, a copy of the Award was sent to Superior Maintenance Group. ECF No. 15-6. On January 1, 2012, Petitioner brought the instant action to confirm the Award.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).[2]

## III.   DISCUSSION

Respondents argue that the matter should be dismissed for lack of personal jurisdiction. The Court finds that Respondents have waived their personal jurisdiction defense. The Court also finds that Respondents have waived their objections to confirmation. Accordingly, the Court will **CONFIRM** the Award.

---

whether to confirm the arbitration award in favor of Superior Maintenance Group, the prevailing party in the arbitration.

[2] Respondents ask the Court to "dismiss" Petitioner's summary judgment motion based on a failure to comply with Local Rule 56.1. Local Rule 56.1 requires that movants accompany summary judgment motions with statements of material facts not in dispute. Though Petitioner called their statement of material facts a "Declaration," they have otherwise complied with Local Rule 56.1. The Court will not deny Petitioner's motion on this basis.

A. Respondents Waived Their Personal Jurisdiction Defense

In their cross-motion for summary judgment, Respondents argue that the Court lacks personal jurisdiction in this matter. Federal Rule of Civil Procedure 12(h)(1) provides that a party waives its personal jurisdiction defense if it does not include the defense in a motion to dismiss or a responsive pleading. Defendants did not file a motion to dismiss or raise personal jurisdiction as a defense in their answer. Accordingly, Defendants have waived their ability to contest personal jurisdiction. The Court will **DENY** the motion to dismiss on the basis of personal jurisdiction.

B. The Court Will Confirm The Award

The Court has jurisdiction over this confirmation proceeding pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"). "Because section 301 contains no limitations period, the most analogous state statute of limitations [is] adopted as federal law." *Office & Prof'l Emp. Int'l Union, Local No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 336 (3d Cir. 1999). In "plenary actions" like this one, New Jersey law provides parties with six years in which to confirm an arbitration award but only three months in which to vacate an arbitration award. *Taylor v. Ford Motor Co.*, 703 F.2d 738, 745 (3d Cir. 1983) (confirmation); *Hotel & Rest. Emp. & Bartenders Intern. Union, Local 54 v. Ramada, Inc.*, 624 F. Supp. 1121, 1124 (D.N.J. 1986) (confirmation); *Policeman's Benevolent Assoc., Local 292 v. Bor. of North Haledon*, 158 N.J. 392, 401 (1999) (vacatur).[3]

In *Serv. Emp. Int'l Union, Local No. 36 AFL-CIO v. Office Center Serv., Inc.*, 670 F.2d 404 (3d Cir. 1982), a union obtained an arbitration award against a union employer. The union moved to confirm the award roughly one year later. In the confirmation proceeding, the employer argued that the arbitrator's conclusions were "clearly erroneous, outside [of its] jurisdiction . . . and [did] not draw their essence from the collective bargaining agreement." *Id.* at 406 n.5. The district court held that these objections were untimely because a motion to vacate the award based on the same objections would have been untimely. The district court confirmed the award, and the Third Circuit affirmed. The Third Circuit explained: "if a defendant has important defenses to an arbitration award he should raise them within the period prescribed for actions to vacate rather than wait to raise them as defenses in a confirmation proceeding." *Id.* at 412.

---

[3] Plenary actions are distinguished from summary actions, which are governed by N.J.R. 4:67-2(b). A summary action for confirmation or vacatur must be commenced within three months. *Policeman's Benevolent Assoc*, 158 N.J. at 396 (citing N.J.S.A. 2A:24-7).

Here, Respondents object to confirmation, arguing that the Award provides classwide relief, in violation of the terms of the relevant CBAs. Respondents first made this argument in 2012, more than two years after the Award was issued and delivered to them. The argument is an "important defense" to an arbitration award," and it should have been "raise[d] . . . within the period prescribed for actions to vacate." [4] *Id.* Respondents are barred from raising the argument in this confirmation proceeding. *See id.* Accordingly, the Court will **DENY** summary judgment on behalf of Respondents.

While Respondents' objections are untimely, Petitioner's motion to confirm the Award is timely because it was brought within New Jersey's six year limitations period for confirming arbitral awards. *See Taylor*, 703 F.2d at 745. In the absence of any timely challenges to confirmation, the Court must confirm the Award. *See Serv. Emp.*, 670 F.2d at 412; *see also Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1317 (6th Cir. 1988) (proper to "rubber stamp" labor arbitration award that does not violate public policy where objections to confirmation are time-barred). Respondents do not challenge this conclusion or attempt to distinguish the applicable caselaw. Accordingly, the Court will **GRANT** summary judgment on behalf of Petitioner.

The Court will enter judgment in favor of Petitioner for $445,963.06. This reflects the arbitrator's award of $339,820 compounded annually at 8% from October 23, 2009 until the date of this Opinion, in addition to $484.00 in costs. Post-judgment interest will accrue in accordance with 28 U.S.C. § 1961.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion for summary judgment is **GRANTED** and Respondents' motion for summary judgment is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 29, 2013**

---

[4] In New Jersey state court, "[a]lthough the losing party may not institute an action to vacate an award after the expiration of three months, it may file an answer asserting affirmative defenses." *Haledon*, 158 N.J. at 403. At least one court in this District has held that this rule does not apply in confirmation actions brought under Section 301. *Local 863, Intern. Broth. of Teamsters, Chauffeurs, Warehousers, and Helpers of America*, No. 6-3827, 2008 WL 877855, at *5 (D.N.J. Mar. 28, 2008). As Respondents do not argue that *Local 863* was incorrectly decided, the Court will not address the issue.